Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
ANGEL GEOVANNY PUGLLA, individually and on behalf of
all others similarly situated,

                           Plaintiff,

   -against-

GREEN AND SUSTAINABLE CONSTRUCTION CORP. and
GEORGE DUFFY, as an individual,

                           Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE/CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **ANGEL GEOVANNY PUGLLA**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, brings this action against **GREEN AND SUSTAINABLE CONSTRUCTION CORP., and GEORGE DUFFY, as an individual**, (collectively hereinafter, "Defendants") to recover money damages as a result of Defendants' egregious violations of N.Y. State wage-and-hour laws, and specifically, the New York Labor Law, and related state regulations ("NYLL"), arising out of the Plaintiff's employment with Defendants located at 96 Spring Street, 7th Floor, New York, NY 10012.

2. At all times relevant herein, Plaintiff performed worked at 85 Jay St., Brooklyn, NY 11201, hereinafter the "Job Site".

1

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

### The Job Sites

8. At all times relevant herein, Plaintiff performed work for the Defendants in various locations around New York, including but not limited to:

    i. 85 Jay St., Brooklyn, NY 11201
    ii. 150 Amsterdam Ave 1st Floor, New York, NY 10023
    iii. 505 5th Ave 11 floor, New York, NY 10017
    iv. 41 Madison Ave. 41st floor, New York, NY 10010

## THE PARTIES

### *The Plaintiff*

9. Plaintiff ANGEL GEOVANNY PUGLLA residing at Corona, NY 11368 was employed by GREEN AND SUSTAINABLE CONSTRUCTION CORP., from in or around August 2017 until in or around March 2023.

### *The Defendants*

### Green and Sustainable Construction Corp.

10. Upon information and belief, Defendant GREEN AND SUSTAINABLE CONSTRUCTION CORP., is a domestic business corporation organized under the

2

laws of New York with a principal executive office at 96 Spring Street, 7th Floor, New York, NY 10012.

11. Upon information and belief, Defendant GREEN AND SUSTAINABLE CONSTRUCTION CORP., is a corporation authorized to do business under the laws of New York.

### George Duffy

12. During all relevant times hereto, Defendant GEORGE DUFFY is the owner of GREEN AND SUSTAINABLE CONSTRUCTION CORP.

13. During all relevant times hereto, Defendant GEORGE DUFFY is an agent of GREEN AND SUSTAINABLE CONSTRUCTION CORP.

14. During all relevant times hereto, GEORGE DUFFY is responsible for overseeing all daily operations of GREEN AND SUSTAINABLE CONSTRUCTION CORP.

15. During all relevant times hereto, GEORGE DUFFY has power and authority over all the final personnel decisions of GREEN AND SUSTAINABLE CONSTRUCTION CORP.

16. During all relevant times hereto, GEORGE DUFFY has the power and authority over all final payroll decisions of GREEN AND SUSTAINABLE CONSTRUCTION CORP., including the Plaintiff.

17. During all relevant times hereto, GEORGE DUFFY has the exclusive final power to hire the employees of GREEN AND SUSTAINABLE CONSTRUCTION CORP., including the Plaintiff.

18. During all relevant times hereto, GEORGE DUFFY has exclusive final power over the firing and terminating of the employees of GREEN AND SUSTAINABLE CONSTRUCTION CORP., including Plaintiff.

19. During all relevant times hereto, GEORGE DUFFY is responsible for determining, establishing, and paying the wages of all employees of GREEN AND SUSTAINABLE CONSTRUCTION CORP., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendant GEORGE DUFFY was Plaintiff's employer within the meaning and the intent of the NYLL.

21. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that GREEN AND SUSTAINABLE CONSTRUCTION CORP., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

22. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in June 2024, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning June 2018 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

23. Plaintiff ANGEL GEOVANNY PUGLLA was employed by GREEN AND SUSTAINABLE CONSTRUCTION CORP., as a taper while performing related miscellaneous duties for the Defendants, from in or around August 2017 until in or around March 2023.

24. Plaintiff ANGEL GEOVANNY PUGLLA regularly worked five (5) days per week, twice per month and seven (7) days per week, twice per month from in or around August 2017 until in or around March 2023.

25. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m., three (3) days per week and from approximately 7:00 a.m. each workday and regularly ending at approximately 10:00 p.m., two (2) days per week.

26. When Plaintiff would work seven (7) days per week, two weeks out of each month, Plaintiff would start his shift beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m., three (5) days per week and from

4

approximately 7:00 a.m. each workday and regularly ending at approximately 10:00 p.m., two (2) days per week.

27. Thus, Plaintiff was regularly required to work approximately fifty-five and a half (55.5) hours each week, two weeks out of each month and approximately sixty-two-and-a-half (62.5) hours each week, two weeks out of each month during the relevant statutory period.

28. Plaintiff ANGEL GEOVANNY PUGLLA was paid by Defendants a flat hourly rate of approximately $25.00 per hour during the relevant statutory period.

29. Although Plaintiff ANGEL GEOVANNY PUGLLA worked fifty-five-and-a-half (55.5) hours each week, twice out of each month and approximately sixty-two-and-a-half (62.5) hours each week, twice out of each month during the relevant statutory period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

31. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

32. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

33. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

34. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

35. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

36. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's

inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

37. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

38. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

40. Collective Class: All persons who are or have been employed by the Defendants as tapers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

41. Upon information and belief, Defendants employed approximately 100 employees within the relevant time period who were subjected to similar payment structures.

42. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

43. Defendants' unlawful conduct has been widespread, repeated, and consistent.

44. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

45. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

46. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

47. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

48. The claims of Plaintiff are typical of the claims of the putative class.

49. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

51. Plaintiff sues on his own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and brings the Causes of Action on his own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> tapers or other similarly titled personnel who are currently or have been employed by the Defendants at GREEN AND SUSTAINABLE CONSTRUCTION CORP., located at 96 Spring Street, 7th Floor, New York, NY 10012 and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

7

52. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.
53. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:
    a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;
    b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;
    c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;
    d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;
    e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and
    f. Whether Defendants should be enjoined from such violations in the future.
54. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.
55. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

56. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.
57. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.
58. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.
59. The New York Class Representatives intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
61. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
62. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
63. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
64. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

65. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

66. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

69. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

70. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

73. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
75. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
76. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiff prejudgment and post-judgment interest;
e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 20, 2024
      Kew Gardens, New York.

                                      *Roman Avshalumov*
                                      Roman Avshalumov, Esq. (RA 5508)
                                      Helen F. Dalton & Associates, PC
                                      80-02 Kew Gardens Road, Suite 601
                                      Kew Gardens, New York 11415
                                      Telephone: 718-263-9591
                                      Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGEL GEOVANNY PUGLLA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

GREEN AND SUSTAINABLE CONSTRUCTION CORP. and GEORGE DUFFY, as an individual,

Defendants.

**COLLECTIVE/CLASS ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**To:**

*Service via Secretary of State and Personal Service:*
**GREEN AND SUSTAINABLE CONSTRUCTION CORP. (DOS ID# 5895042)**
96 Spring Street, 7th Floor, New York, NY 10012

**GEORGE DUFFY**
96 Spring Street, 7th Floor, New York, NY 10012