UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANGEL GEOVANNY PUGLLA, individually
and on behalf of all others similarly situated,          Case No. 24-cv-04355-CBA-CLP

                              Plaintiff,

                    vs.

GREEN AND SUSTAINABLE
CONSTRUCTION CORP. and GEORGE
DUFFY, as an individual,

                              Defendants.
------------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GEORGE DUFFY'S MOTION FOR SUMMARY JUDGMENT, DISMISSING ALL CLAIMS ASSERTED AGAINST GEORGE DUFFY PERSONALLY AND FOR THE AWARD OF ATTORNEY'S FEES AND COSTS**


**LaMONICA HERBST & MANISCALCO, LLP**
*Attorneys for Defendant George Duffy*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1
LEGAL ARGUMENT .................................................................................................................. 3
DUFFY IS NOT AN OWNER, AGENT, PRINCIPAL OR RESPONSIBLE PARTY OF THE CORPORATE DEFENDANT AND LACKS ANY AUTHORITY AND/OR POWER OVER THE CORPORATE DEFENDANT'S ACTIONS ........................................................................ 3
SANCTIONS SHOULD BE ISSUED AGAINST PLAINTIFF FOR  ENGAGING IN FRIVOLOUS AND VEXATIOUS LITIGATION TACTICS ...................................................... 5
CONCLUSION .............................................................................................................................. 8

## **TABLE OF AUTHORITIES**

**Cases**

Amnesty Am. v. Town of W. Hartford,
   361 F.3d 113 (2d Cir. 2004) ............................................................................................... 3

Atl. Mut. Ins. Co. v. Polar Air Cargo, Ltd.,
   2003 U.S. Dist. LEXIS 14306 (S.D.N.Y. 2003) .................................................................. 5, 6

Caldarola v. Calabrese,
   298 F.3d 156 (2d Cir. 2002) ................................................................................................ 4

Fierro v. Gallucci,
   2010 U.S. Dist. LEXIS 27664 (E.D.N.Y. March 24, 2010) ................................................ 3, 4

Gagasoules v. MBF Leasing LLC,
   286 F.R.D. 205 (E.D.N.Y. 2012) ......................................................................................... 5

Merex A.G. v. Fairchild Weston Sys.,
   1996 U.S. Dist. LEXIS 5946 (S.D.N.Y. April 29, 1996) ..................................................... 5, 6

Oliveri v. Thompson,
   803 F.2d 1265 (2d Cir. 1986) .............................................................................................. 5

Pfeffer v. Mark,
   2000 U.S. Dist. LEXIS 7227 (E.D.N.Y. 2000) .................................................................... 6

R.G. Group, Inc. v. Horn & Hardart Co.,
   751 F.2d 69 (2d Cir. 1984) .................................................................................................. 4

United States v. International Brotherhood of Teamsters,
   948 F.2d 1338 (2d Cir. 1991) .............................................................................................. 5

**]Statutes**
28 U.S.C.S. § 1927 ...................................................................................................................... 5
Fed. R. Civ. P. 12 ........................................................................................................................ 1
Fed. R. Civ. P. 56 ................................................................................................................... 1, 3

Defendant George Duffy ("Duffy"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, respectfully submit this memorandum of law in support of the motion ("Motion") of Duffy seeking the entry of an Order, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 56, granting summary judgment and dismissing all claims asserted by Plaintiff Angel Geovanny Puglla, individually and on behalf of all others similarly situated ("Plaintiff") against Duffy personally, and for an order issuing sanctions against Plaintiff, and attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## PRELIMINARY STATEMENT

This action was commenced by Plaintiff on June 20, 2024 through the filing of the Summons and a Collective/Class Action Complaint ("Complaint"), whereby Plaintiff is seeking to recover money damages from defendants Green and Sustainable Construction Corp. ("Corporate Defendant") and George Duffy, individual, for alleged violations of New York State wage-and-hour laws and the New York Labor Law, arising out of Plaintiff's employment with the Corporate Defendant.

Upon learning of this action, Duffy, through counsel, immediately contacted Plaintiff's counsel to advise them that Duffy is not an owner, agent or responsible party of the Corporate Defendant with the power and authority to act on behalf of the Corporate Defendant and requested Plaintiff to remove Duffy from this action. Counsel further indicated Duffy never paid wages to Plaintiff, has no recollection of Plaintiff and inquired proof of the connection. Despite Duffy's request, Plaintiff did not remove Duffy from this action. Accordingly, Duffy moved, pursuant to FRCP Rule 12(b)(6), to dismiss the claims against Duffy, individually.

On December 10, 2024, the Court held a pre-motion conference in which the Court directed the Plaintiff to file an amended complaint and take the deposition of Duffy.

On December 18, 2024, the Plaintiff filed an amended complaint ("Amended Complaint"), in which Plaintiff again baldly asserts that Duffy had the exclusive power and authority over the Corporate Defendant with regard to payroll, personnel, day-to-day operations, and wage determinations, with no evidence provided in support of those allegations. Nothing in the Amended Complaint was different from the Plaintiff's Affidavit in response to the pre-motion conference to dismiss ("Plaintiff's Affidavit").

Despite Plaintiff being afforded an opportunity to amend its complaint, Plaintiff's bald assertions that Duffy had the exclusive power and authority over the Corporate Defendant with regard to payroll, personnel, day-to-day operations, and wage determinations is lacking proof. Plaintiff has not provided evidence of a payroll check or anything else to connect Duffy. There is not a scintilla of proof establishing that Duffy is an owner, principal, agent or responsible party of the Corporate Defendant with the power and authority to act on behalf of the Corporate Defendant.

Despite Plaintiff's naked assertions that Duffy is an owner, agent or responsible party with authority over the Corporate Defendant, Duffy is neither an owner, agent, responsible party, and has never had any authority in any way over the Corporate Defendant, let alone exclusive power and authority. Duffy has never been employed by the Corporate Defendant, nor has Duffy been in privity with the Corporate Defendant or Plaintiff.

Duffy has no power nor authority, let alone exclusive, over any decisions of the Corporate Defendant regarding personnel, payroll, wage determination, hiring, firing or terminating any employees of the Corporate Defendant. Furthermore, Duffy has never had any power or authority over the day-to-day operations of the Corporate Defendant, including, but not limited to, actions regarding work and pay schedules.

Duffy lacked the power and authority over the Corporate Defendant with respect to any decision, transaction or action taken of the Corporate Defendant because Duffy is in fact not an owner, principal, agent or responsible party of the Corporate Defendant.

Duffy has never held himself out as having the authority to act on behalf of the Corporate Defendant with regard to any transaction, decision or action. Accordingly, Duffy is not the Plaintiff's employer within the meaning and intent of the New York Labor Law, and any claim or assertion alleging otherwise is clearly baseless and frivolous.

Based on the foregoing, Plaintiff's claims asserted against Duffy must be dismissed and sanctions must be awarded as the claims against Duffy are clearly a fragment of imagination, baseless, unsupported, and frivolous, and have no merit.

## LEGAL ARGUMENT

### DUFFY IS NOT AN OWNER, AGENT, PRINCIPAL OR RESPONSIBLE PARTY OF THE CORPORATE DEFENDANT AND LACKS ANY AUTHORITY AND/OR POWER OVER THE CORPORATE DEFENDANT'S ACTIONS

The standard for granting summary judgment pursuant to FRCP Rule 56 is well established, and the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010); Fierro v. Gallucci, 2010 U.S. Dist. LEXIS 27664, at *33-34 (E.D.N.Y. March 24, 2010). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004).

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party

3

must come forward with specific facts showing that there is a *genuine issue for trial*." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002). The mere existence of some alleged factual dispute alone will not defeat a properly supported for summary judgment, and the nonmoving party cannot rest upon mere conclusory allegations but must set forth "concrete particulars" showing that a trial is necessary. Fierro, 2010 U.S. Dist. LEXIS 27664, at *35 (citing R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984)).

Here, the Plaintiff's claims asserted against Duffy individually are all based on the wholly untrue allegation that Duffy is an owner, agent or responsible party with the exclusive power and authority over the Corporate Defendant, including actions relating to payroll, wages, work schedules, and personnel decisions. Plaintiff's sworn allegation that Duffy paid him his payroll is completely belied by Duffy's sworn testimony, at which Plaintiff was present. As set forth above and in the Affidavit of George Duffy in Support of the Motion for Summary Judgment ("Duffy Affidavit"), Duffy is indeed not an owner, agent or responsible party of the Corporate Defendant, and has no authority or power, let alone exclusive, to make any decisions on behalf of the Corporate Defendant.

Plaintiff has failed to present any scintilla of proof to support the conclusory allegations that Duffy is his employer under the New York Labor Law, or that Duffy has exclusive power and authority over the Corporate Defendant, despite having the opportunity to amend its complaint and to depose Duffy under oath. These are conclusory allegations that are unsupported by the record, and there is no support for finding that there is a genuine issue for trial.

It is clear that Duffy is not an owner, agent or responsible party and has no power or authority over the Corporate Defendant, yet Plaintiff nonetheless commenced this current action against Duffy, and asserted causes of action against Duffy, individually. Plaintiff also amended its

4

complaint and continued to assert allegations, without any factual support, against Duffy despite being aware that Duffy is not an owner, agent or responsible party and has no power or authority over the Corporate Defendant. These allegations are factually frivolous as they are clearly baseless and unsupported.

Plaintiff is unable to demonstrate that the allegations aimed toward Duffy are true because they are patently false and baseless. They are completely fabricated. There is no basis to support a finding that Duffy is an owner, agent or responsible party with authority over the Corporate Defendant and is, therefore, Plaintiff's employer under New York Labor Law.

Accordingly, Plaintiff's claims against Duffy are clearly baseless and factually frivolous, and Duffy is entitled to a judgment as a matter of law dismissing all the Plaintiff's claims asserted against Duffy, individually.

### SANCTIONS SHOULD BE ISSUED AGAINST PLAINTIFF FOR ENGAGING IN FRIVOLOUS AND VEXATIOUS LITIGATION TACTICS

28 U.S.C.S. § 1927 authorizes the court to sanction a party who unreasonably and vexatiously multiplies the proceedings in any case, and imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics. 28 U.S.C.S. § 1927; United States v. International Brotherhood of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991); Merex A.G. v. Fairchild Weston Sys., 1996 U.S. Dist. LEXIS 5946, at *21 (S.D.N.Y. April 29, 1996); Gagasoules v. MBF Leasing LLC, 286 F.R.D. 205, 216 (E.D.N.Y. 2012).

The Second Circuit has required a particularized showing of bad faith to justify sanctions. Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986); Atl. Mut. Ins. Co. v. Polar Air Cargo, Ltd., 2003 U.S. Dist. LEXIS 14306, at *13 (S.D.N.Y. 2003). An award under § 1927 is proper when an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken in bad faith or for some improper purpose such as delay. Merex, 1996

5

U.S. Dist. LEXIS 5946, at *21; Atl. Mut. Ins. Co., 2003 U.S. Dist. LEXIS 14306, at *13 (" Bad faith may be inferred when the attorney's actions are so meritless as to require the finding that they must have been undertaken for some improper purpose such as delay."); Pfeffer v. Mark, 2000 U.S. Dist. LEXIS 7227, at *11 (E.D.N.Y. 2000).

    Here, Plaintiff and Plaintiff's counsel have engaged in dilatory and vexatious litigation tactics since the outset of this action. Plaintiff initially asserted claims against Duffy which were completely devoid of any factual support and Duffy's counsel contacted Plaintiff's counsel to advise them that there is no basis for holding Duffy liable.

    Plaintiff's counsel refused to dismiss this action against Duffy despite being provided that with a sworn affidavit that Duffy was not an owner, agent or responsible party with power and authority over the Corporate Defendant.  In fact, despite the allegations, there is no doubt Plaintiff knew Duffy was not an owner or responsible party, Duffy does not own the Corporate Defendant and Duffy never signed a check to Plaintiff.  Equally important, Duffy never provided any direction to Plaintiff or paid any wages to Plaintiff.  Plaintiff's allegations were belied by its own paystubs, its own direction from the Corporate Defendant and its own relationship with the Corporate Defendant.

    Duffy, through counsel, filed a motion to dismiss, and then filed a request for a pre-motion conference with the Court and all parties to discuss issues regarding this action. Plaintiff's counsel submitted an affidavit in opposition to Duffy's request for a pre-motion conference and double down on its position that Duffy was an owner and that Duffy was his employer. Since the Court must accept allegations on a pre-answer motion as factually true, at the pre-motion conference, the Court directed Plaintiff to file an amended complaint to correct the deficiencies in its original

complaint. Plaintiff filed its Amended Complaint on December 18, 2024, and asserted the exact identical allegations again inserting some additional words based on Plaintiff's Affidavit.

As the Court required, Duffy appeared at a sworn deposition at the office of Plaintiff's counsel on March 5, 2025 ("Deposition"). During that Deposition, which lasted less than an hour, Duffy answered all questions truthfully and these answers were consistent with the Duffy Affidavit.

Following the Deposition, Duffy's counsel repeatedly attempted to engage with Plaintiff's counsel to discuss a resolution in which Duffy was dismissed from this lawsuit without the need for further motion practice. Counsel never responded despite multiple attempts.

Additionally, Duffy's counsel repeatedly attempted to contact Plaintiff's counsel to obtain the transcript of the Deposition, but Plaintiff's counsel never sent Duffy nor Duffy's counsel the transcript so that Duffy could review and sign it.

It is clear that Plaintiff's counsel has engaged in vexatious and dilatory litigation tactics by continuing to assert factual baseless and frivolous claims against Duffy, forcing Duffy to appear and testify at the Deposition, refusing to release the transcript of the Deposition to Duffy's counsel, and being wholly unresponsive to Duffy's counsel and their requests to resolve this matter without the need for further motion practice.

In view of the foregoing, Plaintiff should be responsible to pay Duffy's reasonable attorney's fees and costs in connection with defending these claims. Based on the Affidavit of Joseph S. Maniscalco in Support of George Duffy's Motion for Summary Judgment ("Maniscalco Affidavit") and the Duffy Affidavit, it is clear Duffy attempted to resolve this issue without motion practice. Plaintiff's counsel did not care, continued to assert claims against an individual with no proof and would not even be reasonable in its approach. Attempted conversations were ignored,

and all Plaintiff's counsel did was hold Duffy hostage in a serious litigation. That conduct must not be condoned and Plaintiff should be responsible to pay the attorney's fees and costs in defending such a baseless claim and continuing after the evidence was clear there was no basis for a claim.

Accordingly, Duffy respectfully requests the Court to award him attorney's fees and costs in connection with defending this frivolous and vexatious lawsuit.

## CONCLUSION

Based on the foregoing reasons, defendant George Duffy respectfully requests that the Court enter an Order granting George Duffy's Motion for Summary Judgment, dismissing all claims asserted against George Duffy, for an order issuing the award of attorney's fees and costs against the Plaintiff, and for such other and further relief as this Court deems just and proper.

Dated: April 7, 2025
       Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**

By:    _/S/ Joseph S. Maniscalco_
       Joseph S. Maniscalco, Esq.
       A Member of the Firm
       3305 Jerusalem Avenue, Suite 201
       Wantagh, New York 11793
       Telephone: (516) 826-6500